UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA SALAZAR, | No. 2:16-cv-432-JAM-KJN |
| Plaintiff, | |
| v. | ORDER AND |
| CHIPOTLE MEXICAN GRILL, INC., | ORDER TO SHOW CAUSE |
| Defendant. | |

INTRODUCTION

Plaintiff Alicia Salazar initially commenced this wrongful termination action against defendant Chipotle Mexican Grill, Inc. in the Placer County Superior Court on January 7, 2016, and the case was subsequently removed to federal court on February 29, 2016. (ECF No. 1.) On May 3, 2016, the assigned district judge entered a pretrial scheduling order requiring all discovery to be completed by June 2, 2017. (ECF No. 10.)

Presently pending before the court is defendant's motion to compel plaintiff's responses to defendant's requests for production of documents and special interrogatories, along with a request for sanctions. (ECF No. 12.) Plaintiff has opposed the motion, and defendant filed a reply brief.

(ECF Nos. 14, 15.)[1]  At the April 20, 2017 hearing on the motion, attorney Nima Darouian appeared on behalf of defendant, but there was no appearance by plaintiff's counsel.  After carefully considering the court's record and the applicable law, the court GRANTS the motion.  Additionally, plaintiff's counsel is ORDERED TO SHOW CAUSE as outlined below.

BACKGROUND

The background facts are largely undisputed.  Since this action was removed to federal court, plaintiff's counsel of record has been Robert C. Bowman, Jr. with the Law Offices of Bowman and Associates.  On January 19, 2017, defendant served plaintiff with requests for production of documents, special interrogatories, and requests for admission by overnight delivery.  (Declaration of Nima Darouian, ECF No. 12-2 ["First Darouian Decl."] ¶ 2, Ex. A.)  On February 9, 2017, one of the attorneys then associated with the Law Offices of Bowman and Associates, Vicky Cody, requested and obtained a two-week extension until March 7, 2017, to respond to the above-mentioned discovery requests.  Ms. Cody explained that there had been a "disconnect" in her office, and that she had only learned that day of the discovery that had been sent to her office the previous month.  (Id. ¶ 3, Ex. B.)  However, no responses were ultimately received on March 7, 2017.  (Id. ¶ 4.)

During a March 13, 2017 phone call with Ms. Cody, Ms. Cody informed defendant's counsel that she was no longer associated with the Law Offices of Bowman and Associates, but would continue to represent plaintiff in this action.  (First Darouian Dec. ¶ 4.)  Ms. Cody also acknowledged that plaintiff had failed to timely respond to the discovery requests, but assured defendant's counsel that responses would be provided no later than March 17, 2017.  (Id.)  Based on that representation, and in the spirit of cooperation, defendant's counsel provided another extension to respond to the discovery by March 17, 2017.  (Id.)  However, no responses were ultimately received on March 17, 2017.  (Id. ¶ 5.)

Subsequently, on March 27, 2017, defendant's counsel sent an e-mail to Ms. Cody as well

---

[1] Because the motion involved a "complete and total failure to respond to a discovery request," the motion was properly noticed for hearing on fourteen (14) days' notice pursuant to Local Rule 251(e).

2

1 | as Mr. Bowman, indicating that discovery responses had still not been received, that the requests
2 | for admission were deemed admitted by operation of law, and that defendant intended to move
3 | forward with a motion to compel concerning the requests for production of documents and special
4 | interrogatories. (First Darouian Decl. ¶ 5, Ex. C.) The e-mail also noted Ms. Cody's
5 | representation that she, and not the Law Offices of Bowman and Associates, would continue to
6 | represent plaintiff in this action, but pointed out that no such designation had been filed with the
7 | court. (Id.)

Although he was copied on the March 27, 2017 e-mail, Mr. Bowman did not respond to defendant's counsel's e-mail. (Declaration of Nima Darouian, ECF No. 15-1 ["Second Darouian Decl."] ¶ 3.) However, on March 28, 2017, Ms. Cody responded by e-mail, indicating that she had fallen ill and had somehow "conflated" the dates on which the discovery was due. (First Darouian Decl. ¶ 6, Ex. D; Second Darouian Decl. ¶ 3.) That same day, Ms. Cody and defendant's counsel had a telephone conference, in the course of which defendant's counsel explained that defendant would not be granting any further extensions of time and would deem the responses untimely. (First Darouian Decl. ¶ 7.) Ms. Cody indicated that she would still produce the discovery responses by March 29, 2017. (Id.) Nevertheless, no discovery responses were ultimately provided on March 29, 2017. (Id. ¶ 2.)

Consequently, on April 5, 2017, defendant filed the instant motion to compel, representing that, as of the date of filing, no discovery responses had yet been provided. (ECF No. 12; First Darouian Decl. ¶ 2.) Along with plaintiff's subsequent opposition to this motion, plaintiff served responses to defendant's requests for admission, but no responses to the requests for production of documents or special interrogatories had been provided by the time of filing defendant's reply brief on April 17, 2017, at 10:53 a.m. (Declaration of Robert C. Bowman, Jr., ECF No. 14-1 ["Bowman Decl."] ¶ 6, Ex. 4; Second Darouian Decl. ¶ 2; ECF No. 15.) At the April 20, 2017 hearing, defendant's counsel candidly noted that plaintiff had finally served responses to the requests for production and special interrogatories on April 17, 2017, after defendant's reply brief was filed, although defendant's counsel expressed some concerns regarding the adequacy of those responses.

3

DISCUSSION

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including when the other party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Here, there is no question that defendant is entitled to an order compelling responses to defendant's requests for production of documents and special interrogatories. Those discovery requests were properly propounded, responses were long overdue, and defendant's counsel first attempted in good faith to secure the responses without court intervention by virtue of written and telephonic communication with plaintiff's counsel, as outlined above. Even though plaintiff has now apparently provided responses after defendant's reply brief was filed, such responses are long overdue, and defendant is thus entitled to responses to those requests without objections. Additionally, defendant's counsel has expressed some preliminary concern regarding the adequacy of the responses served on April 17, 2017. Therefore, the court grants defendant's motion and directs that supplemental responses to the requests for production and special interrogatories be provided within fourteen (14) days of this order, with all objections (other than the attorney work product and attorney-client privileges) waived. To the extent that those privileges are asserted, the responses shall be accompanied by a detailed privilege log. In providing the supplemental responses, plaintiff's counsel is also strongly encouraged to take a hard look at the substance of plaintiff's responses in the interest of avoiding further motion practice and the potential imposition of further sanctions.[2]

---

[2] The court declines to address the issue of the requests for admission at this juncture. As an initial matter, they were not the subject of the instant motion. Furthermore, as defendant's counsel correctly notes, the requests have been deemed admitted by operation of Federal Rule of Civil Procedure 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the

"If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. As noted above, the court finds that defendant's counsel had made good faith efforts to obtain the discovery responses informally prior to filing a motion to compel. Furthermore, after carefully reviewing plaintiff's opposition brief and accompanying documentation, the court cannot find that plaintiff's failure to respond to the discovery was substantially justified or that other circumstances would make an award of expenses unjust.[3] The court's conclusion is only reinforced by plaintiff's counsel's failure to appear at the properly-noticed hearing on the matter.

Although Ms. Cody apparently fell ill for a period of time, that does not explain a failure to provide discovery responses over several months. Additionally, the fact of Ms. Cody's departure from the Law Offices of Bowman and Associates is largely a red herring, because no substitution of counsel was ever filed with this court, the discovery requests were served to the Law Offices of Bowman and Associates, and Mr. Bowman and the Law Offices of Bowman and Associates still remain as plaintiff's counsel of record. As the managing partner of the Law Offices of Bowman and Associates and counsel of record in this action, Mr. Bowman had an

---

party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."). If plaintiff wishes to withdraw the deemed admissions, plaintiff must seek a stipulation from defendant or file an appropriate motion. See Fed. R. Civ. P. 36(b).

[3] On April 19, 2017, the day before the hearing, Mr. Bowman also filed a declaration by Ms. Cody. (See Declaration of Vicky E. Cody, ECF No. 16 ["Cody Decl."].) Although the declaration was submitted long after plaintiff's opposition deadline, the court has considered it, as discussed below.

5

obligation to his client and the court to ensure that the case was either appropriately transferred to Ms. Cody, or adequately covered by another attorney at his firm during her illness and upon her departure. The court notes that Ms. Cody's April 19, 2017 declaration astonishingly indicates that Ms. Cody had not even discussed the potential transfer of plaintiff's case with plaintiff in mid-February 2017, even though Ms. Cody apparently started her own legal practice on March 1, 2017. (Cody Decl. ¶¶ 6-7.) Moreover, despite being copied on the March 27, 2017 e-mail from defendant's counsel to Ms. Cody, and claiming to have been "alarmed and dismayed to discern that the gist of [defendant's counsel's] e-mail reflected that this matter had escalated into a discovery debacle" (Bowman Decl. ¶ 2), Mr. Bowman had not even responded to that e-mail by the time the instant motion was filed on April 5, 2017. Furthermore, even though Mr. Bowman indicates that his firm relocated offices on April 1, 2017 (Bowman Decl. ¶ 5, Ex. 3), such an occurrence again does not explain the pattern of deficient conduct spanning several months.

      Contrary to Mr. Bowman's argument, the fact that plaintiff provided initial disclosures on May 26, 2016, and submitted tardy responses to the requests for admission along with plaintiff's opposition to this motion (Bowman Decl. ¶¶ 3, 6, Exs. 2, 4) has little relevance to this motion. Whether or not initial disclosures were provided, plaintiff is obligated to timely respond to discovery requests, and as noted above, the requests for admission are not at issue in this motion.

      Finally, the court observes that plaintiff's opposition briefing reflects a surprisingly unapologetic stance by Mr. Bowman, despite his firm's deficient conduct. In fact, plaintiff's deficient opposition charges *defendant's counsel* with improper conduct, such as bringing this motion "without even the barest good faith attempt to confer." (ECF No. 14 at 2.) Indeed, in a letter dated April 10, 2017, Mr. Bowman argued, incorrectly, that defendant's motion was untimely pursuant to Local Rule 230,[4] and threatened to seek sanctions if defendant did not withdraw the motion. (Second Darouian Decl. ¶ 4, Ex. A.) Ms. Cody's tardy April 19, 2017 declaration likewise suggests that she either does not comprehend the seriousness of the deficiencies at issue, or does not take her professional obligations seriously. For the reasons

---

[4] Local Rule 230 does not apply to this discovery motion; instead, as noted above, defendant's counsel properly filed this motion in compliance with Local Rule 251(e).

discussed above, plaintiff's counsel's contentions are plainly unsupported by the record and lack merit. Moreover, defendant was justified in expeditiously seeking an order compelling compliance in light of the impending June 2, 2017 discovery completion deadline.

Therefore, the court finds that plaintiff's failure to respond to the discovery was not substantially justified; nor do other circumstances make an award of expenses unjust. As such, defendant is entitled to an award of reasonable expenses incurred in bringing the motion, including attorney's fees. Because the culpable person in this instance is plaintiff's counsel, and not plaintiff herself, the expenses should be paid by plaintiff's counsel, the Law Offices of Bowman and Associates.[5] Defendant's counsel indicates that he bills at an hourly rate of $190, and spent approximately 7 hours preparing the briefing related to this motion and appearing at the hearing, for a total of $1,330.00 in expenses. The court finds defendant's counsel's hourly rate and time spent to be reasonable, and thus awards the full requested amount of $1,330.00.

Additionally, the court directs plaintiff's counsel of record, Mr. Bowman, to show cause in writing within fourteen (14) days why additional sanctions of $1,000.00 should not be imposed on him for his failure to appear at the properly-noticed motion hearing. Failure to timely comply with this order to show cause may result in the imposition of increased sanctions.

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 12) is GRANTED.
2. Within fourteen (14) days of this order, plaintiff shall provide supplemental responses to defendant's requests for production and special interrogatories in accordance with the terms outlined in this order.
3. Within fourteen (14) days of this order, plaintiff's counsel, the Law Offices of Bowman and Associates, shall pay defendant a total of $1,330.00 for the expenses that

---

[5] The court leaves it to Mr. Bowman and Ms. Cody to reach an agreement, if any, between themselves regarding whether there should be any contribution by Ms. Cody towards the amount of sanctions imposed. Nevertheless, any such apportionment shall be no excuse for the Law Offices of Bowman and Associates to not make prompt payment of the sanctions to defendant's counsel by the deadline specified in this order.

7

defendant incurred in bringing this motion.  Plaintiff's counsel shall not attempt, directly or indirectly, to recover that amount from his client.

4. Within fourteen (14) days of this order, plaintiff's counsel shall SHOW CAUSE why additional sanctions of $1,000.00 should not be imposed on him for his failure to appear at the properly-noticed motion hearing.

IT IS SO ORDERED.

Dated:  April 21, 2017

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE