UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | No. 2:16-cv-0432-JAM-KJN<br><br><br><br>ORDER |

On April 21, 2017, the court issued an order granting defendant's motion to compel and directing: (a) plaintiff to provide supplemental responses to defendant's requests for production and special interrogatories in accordance with the terms outlined in that order within fourteen (14) days; (b) plaintiff's counsel, the Law Offices of Bowman and Associates, to pay defendant a total of $1,330.00 for defendant's motion-related expenses within fourteen (14) days; and (c) plaintiff's counsel to show cause, within fourteen (14) days, why additional sanctions of $1,000.00 should not be imposed on him for his failure to appear at the properly-noticed motion hearing.[1] (ECF No. 18.)

////

---

[1] The background facts and the court's reasoning were outlined in detail in the court's April 21, 2017 order and are incorporated here by reference. (See ECF No. 18.)

Thereafter, on April 24, 2017, plaintiff's counsel, Mr. Bowman, filed a response to the order to show cause, which the court has carefully reviewed, and which also attached documentation showing that the $1,330.00 in motion-related expenses have been paid to defendant. (ECF No. 19.)

The court appreciates Mr. Bowman's apology for missing the hearing based on a calendaring error, as well as his prompt payment of the motion-related expenses to defendant's counsel. Nevertheless, after review of the response to the order to show cause, the court remains concerned that Mr. Bowman does not fully understand some aspects of the court's April 21, 2017 order and related proceedings.

For example, Mr. Bowman states: "Our office diligently worked on responding to all of these written discoveries after they were not done by Ms. Salazar's former attorney [Ms. Cody]." (ECF No. 19 at 1-2.) However, as the court has previously explained, Mr. Bowman has been the only counsel of record in this action since the case was removed to federal court. It may well be that Ms. Cody, as a former associate of the Law Offices of Bowman and Associates,[2] was assigned to work on the case, but that is an internal law firm matter. Without an appropriate substitution of counsel having been filed on the record, Mr. Bowman as counsel of record remains responsible for the case in this court, and had an obligation to ensure that the case was appropriately handled by Ms. Cody or covered by another attorney at his firm during her illness and upon her departure. Therefore, it accomplishes little to attempt to shift the blame to "Ms. Salazar's former attorney" where no such former attorney actually exists.[3]

////

---

[2] Moreover, although Ms. Cody in her declaration stated that she started working as a solo practitioner on March 1, 2017 (ECF No. 16), she remains listed as an attorney affiliated with the Law Offices of Bowman and Associates as of April 25, 2017. See http://www.bowmanandassoc.com/attorneys (last visited April 25, 2017, at 1:55 p.m.).

[3] To be clear, the court does not suggest that Ms. Cody necessarily properly discharged her professional obligations to her former client and her former employer. As the court suggested in its April 21, 2017 order, Mr. Bowman may well elect to seek some contribution from Ms. Cody to the sanctions plaintiff's counsel was required to pay to defendant's counsel, but that is ultimately a private matter between Ms. Cody and Mr. Bowman. Ultimately, Mr. Bowman, as counsel of record, bears complete responsibility for this case to both the court and his client.

1    Mr. Bowman also appears to misunderstand the basis of the court's April 21, 2017 order
2    requiring supplemental responses to the requests for production of documents and special
3    interrogatories, stating that responses have already been provided.  Indeed, the court's April 21,
4    2017 order recognized that responses had been provided on April 17, 2017, after the filing of
5    defendant's reply brief in support of the motion to compel.  (ECF No. 18 at 3.)  However, the
6    court also noted that defendant's counsel had expressed some preliminary concerns regarding the
7    adequacy of those responses.  Given that the responses were prepared, as Mr. Bowman himself
8    admits in his response to the order to show cause, in a rush, the court's April 21, 2017 order
9    encouraged Mr. Bowman to take a hard look, with the benefit of additional time, at the substance
10   of those responses to ensure that they are fully responsive and compliant with the Federal Rules
11   of Civil Procedure.  Moreover, because the court has found that all objections were waived by
12   plaintiff's failure to timely respond to those discovery requests, supplemental responses are
13   necessary, at a minimum, to remove all objections other than objections based on the attorney-
14   client privilege or attorney work product doctrine.  To the extent that those privileges are asserted,
15   plaintiff was also directed to provide a detailed privilege log along with the supplemental
16   responses.  Therefore, the court's April 21, 2017 order (specifically, at page 4, lines 10-25, and
17   page 7, lines 20-22), as well as this order, make abundantly clear what are plaintiff's obligations
18   with respect to supplemental responses.

19       Finally, although Mr. Bowman cites as a reason for miscalendaring the hearing on the
20   motion to compel  - his staff's "working hard to complete the response to the OSC"  (ECF No. 19
21   at 2), the order to show cause was actually issued only after Mr. Bowman failed to appear at the
22   hearing, and as a result of that failure to appear.

23       All that said, in light of Mr. Bowman's apology and his prompt payment of the motion-
24   related expenses to defendant's counsel, the court finds it appropriate to impose reduced sanctions
25   in the amount of $250.00 to be paid within fourteen (14) days of this order.[4]

---

[4] The court is hopeful that this order resolves all pending discovery issues in this matter, and accepts Mr. Bowman's representation that those types of deficiencies will not reoccur.  However, plaintiff is cautioned that if the supplemental discovery responses to be provided to defendant are subsequently found to be not fully responsive, found to be not compliant with the Federal Rules

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 18) is DISCHARGED.
2. Within fourteen (14) days of this order, plaintiff's counsel shall pay the Clerk of Court $250.00 in sanctions for his failure to appear at the April 20, 2017 hearing. Plaintiff's counsel shall not attempt, directly or indirectly, to pass on the cost of such sanctions to his client.
3. All other provisions and deadlines set in the court's April 21, 2017 order remain in full force and effect.

IT IS SO ORDERED.

Dated: April 26, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

of Civil Procedure, or found to contain any objections not authorized by the court's orders, the court may be inclined to revisit the amount of sanctions imposed.